UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI A.,  :<br>  :<br>   Petitioner,  :     Civ. No. 21-15451 (KM)<br>  :<br>v.   :<br>  :<br>NEW JERSEY DIVISION OF CHILD,  :     **OPINION**<br>PROTECTION AND PERMANENCY,  :<br>  :<br>   Respondent.  :<br>  :<br> | |

**KEVIN MCNULTY, U.S.D.J.**

Pro se Petitioner Ali A.[1] seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that Respondent New Jersey Division of Child Protection and Permanency abducted her two young children from New York to New Jersey, where the eldest has been ill and medically neglected for several weeks with flu symptoms. (DE 1 at ¶ 4.) Having screened the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), I will dismiss the Petition without prejudice, deny injunctive relief, and deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

In substance, Petitioner alleges that Respondent obtained custody of the child through the assertion of false claims and has mistreated or neglected him since then. (*Id.* at ¶ 6.) Petitioner alleges that she has been "denied the ability to appeal…as well as…to speak, testify, against [Respondent's] false claims and fraud." (*Id.* at ¶¶ 7-10.) As bases for jurisdiction, Petitioner asserts claims under Section 504 of the Rehabilitation Act of 1973, discrimination based on the health status of her children, who were born prematurely, violations of the Fifth and Fourteenth Amendments, and New Jersey's receipt of federal financial assistance. (*Id.* at ¶¶ 11-13.)

In support, Petitioner includes a series of emails between the children's maternal grandmother and counsel referencing potential removal of the action to a California federal

---

[1] Because this is a sealed matter involving child custody proceedings, the parties' last names are omitted.

court,² a September trial date in the Family Court custody action, and various other procedural matters. (DE 1-1 at 4). Also attached is July 2020 New Jersey Social Service Block Grant Intended Use Plan and Pre-Expenditure Report, apparently aimed at proving New Jersey's use of federal funds to confer jurisdiction.

Petitioner's husband Yemeli A. ("Mr. A.") has filed two nearly identical actions which provide additional background. First, on July 26, 2021, Mr. A. removed the Bergen County Family Court matter to this Court. (Docket No. 21-cv-14221, DE 1.) The notice of removal attached the original Family Court complaint. (*Id.* at DE 1-1.)

According to that complaint, the children lived in New Jersey but spent significant time with the maternal grandparents, who reside in Bronx, New York. (*Id.* at ¶¶ 3-7.) On March 16, 2021, Respondent received a referral from the New York Administration for Children's Services reporting concerns that the younger child, an infant, had presented to Westchester Medical Center in Valhalla, New York with multiple fractures to both humeri and healing fractures in her ribs and wrists. (*Id.* at ¶ 8, *et seq.*) After an investigation, a Safety Protection Plan was created, but the complaint alleges that Petitioner and Mr. A. were non-compliant in certain respects, including an unwillingness to bring the older child in for an examination (*Id.*)

On June 10, 2021, The Bergen County Family Court entered a Child Protection Order committing the children to Respondent's custody, continuing to permit the parents visitation and the right to attend numerous medical appointments, and scheduling further conferences and fact-finding hearings (21-cv-14221, DE 1-3.) Petitioner seeks the children's immediate return. (*Id.* at ¶ 15.)

On August 16, 2021, Mr. A. also filed a habeas petition substantively identical to this Petition. (Docket No. 21-15407, DE 1.) Judge Martinotti dismissed Mr. A's petition without prejudice and denied injunctive relief on August 18, 2021. (*Id.* at DE 4-5.) Judge Martinotti held that this Court lacked jurisdiction to consider Mr. A.'s habeas claim because habeas jurisdiction does not extend to challenges to the termination of parental rights or loss of custody of one's children, and because state remedies had not yet been exhausted. (*Id.* at DE-4, pp. 3-5.) Judge Martinotti also rejected Mr. A.'s argument that federal funding of New Jersey social services programs conferred jurisdiction on this Court. (*Id.* at 4.) I agree with Judge Martinotti.

---

² According to the addresses listed in their various filings in this Court, Petitioner and her husband are California residents.

## II.     DISCUSSION

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). While "custody" for habeas purposes has been interpreted broadly to include situations beyond pure criminal detention, a petitioner will only be considered in "custody" for habeas purposes where he is "subject both to 'significant restraints on liberty ... which are not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). That broad definition excludes challenges to the termination of parental rights, the loss of custody over one's children, or the placement of one's children in foster care. *Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982); *see also Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) ("habeas jurisdiction does not exist to challenge" state court child custody determinations).

Petitioner argues that this Court can also assert jurisdiction based on New Jersey's recent receipt of various federal funds in the form of FEMA and block grants.[3] However, such federal funding "cannot serve as an independent basis for establishing jurisdiction." *Transit Express,*

---

[3] These documents were emailed by Petitioner to the Clerk but have not yet been docketed.

*Inc. v. Ettinger,* 246 F.3d 1018, 1026 (7th Cir. 2001). Nor would such an assertion, even if true, change the fact that Petitioner is not "in custody" for habeas purposes.

Moreover, based on the filings here and related dockets, the matter clearly remains pending in Bergen County Family Court, and thus state court remedies, including appeals, must first be exhausted. (Docket No. 21-cv-14221, DEs 1-3, 1-4); *Braden v. 30th Judicial Circuit Ct.,* 410 U.S. 484, 490–91 (1973); *Picard v. Connor,* 404 U.S. 270 (1971); *Moore v. De Young,* 515 F.2d 437, 442–43 (3d Cir.1975). If Petitioner seeks to challenge the Bergen County Family Court's determinations, state court is the appropriate forum. If Petitioner asserts that emergent relief is required, such procedures are generally available in state court (*see* "Emergency Application Order to Show Cause," https://www.njcourts.gov/forms/11523_otsc_ emerg_app_osc.pdf?c=yzw .). To the extent that Petitioner alleges that her opportunity to testify or appeal were denied, the basis for that statement is unclear. In any event, the documents in the related matters and the email chain submitted here demonstrate that Petitioner has access to counsel, that the children have a law guardian assigned in state court proceedings, and that there are future court dates at which Petitioner and her husband will have an opportunity to present any defense and challenge the Family Court's custody determination.

Finally, because this Court lacks jurisdiction, injunctive relief will be denied, and the Petition will be dismissed without prejudice.

## III. CERTIFICATE OF APPEALABILITY

A petitioner may appeal from a final order in a habeas proceeding only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I find that jurists of reason would not disagree with the conclusion that this Court lacks jurisdiction. Accordingly, I will decline to grant a certificate of appealability.

## IV.     CONCLUSION

For the above reasons, Petitioner's petition for a writ of habeas corpus (DE 1) is dismissed, and the request for injunctive relief is denied. A separate order accompanies this Opinion.

Dated: January 11, 2022

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge